**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EARNEST OLIVER HEARING, JR., | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| J. A. KELLER, Warden, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:11-CV-2659-WSD-RGV |

## FINAL REPORT AND RECOMMENDATION

Petitioner Earnest Oliver Hearing, Jr., currently confined in the United States Penitentiary in Atlanta, Georgia, has filed this 28 U.S.C. § 2241 petition to challenge the Federal Bureau of Prisons' ("BOP") calculation of his release date. The matter is now before the Court on the petition, [Doc. 1], the response, [Doc. 3], and petitioner's reply, [Doc. 4]. For the following reasons, the undersigned **RECOMMENDS** that the petition be **DENIED**.

### I. BACKGROUND

On July 30, 2004, state authorities in Clayton County, Georgia arrested petitioner and charged him with possession of marijuana and possession of a firearm by a felon. [Doc. 3-1 at 4]. Petitioner was released on bond. [Id.]. On August 16, 2004, state authorities in Henry County, Georgia arrested petitioner and charged him with possession with intent to distribute methamphetamine, theft by receiving stolen

property, and possession of a firearm during the commission of a felony. [Id.]. On February 7, 2005, the Henry County Superior Court sentenced petitioner, pursuant to his guilty plea to possession with intent to distribute methamphetamine and possession of a firearm during the commission of a felony, to a total of twelve years of imprisonment. On April 13, 2005, the Clayton County Superior Court sentenced petitioner, pursuant to his guilty plea to possession of marijuana and possession of a firearm by a felon, to a total of three years of imprisonment. [Id. at 4-5, 67].

On December 13, 2005, a federal grand jury in the Northern District of Georgia returned an eight-count indictment against petitioner, charging him with offenses that occurred on or about July 30, and August 16, 2004. United States v. Hearing, No. 1:05-CR-0593-RWS-ECS-1 (N.D. Ga. Dec. 13, 2005) (hereinafter "Hearing"), Doc. 1. On February 2, 2006, the United States Marshals Service temporarily took custody of petitioner pursuant to a federal writ of ad prosequendum issued January 13, 2006. [Doc. 3-1 at 5, 42-45]. On May 9, 2006, petitioner pled guilty, pursuant to a negotiated plea agreement, to two counts of the indictment, namely possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a silencer not registered to the defendant, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Hearing, Doc. 15. On August 15, 2006, petitioner was

AO 72A
(Rev.8/82)

sentenced to a total of 180 months of imprisonment. Id., Docs. 19-20. The judgment does not order concurrent service with the state sentences and makes no recommendations to the BOP concerning place of confinement. Id., Doc. 20.

On October 31, 2006, the United States Marshals Service returned petitioner to state custody, and a federal detainer was lodged. [Doc. 3-1 at 6]. On August 21, 2008, the state of Georgia paroled petitioner, and the United States Marshals Service took him into custody to begin serving his federal sentence. [Id.]. The BOP calculated petitioner's sentence beginning on that date, with no credit for prior custody. [Id. at 7-9]. Based on this calculation, petitioner's projected release date, via good conduct time, is September 14, 2021. [Id. at 4]. Petitioner has exhausted his administrative remedies. [Id. at 10].

Petitioner now brings this § 2241 petition, arguing that the BOP's calculation of his release date is incorrect because it has not awarded him credit for the time he spent in state custody. [Doc. 1 at 4, 7-9]. Petitioner asks that he be awarded jail time credit from his August 16, 2004, arrest through his August 21, 2008, state parole and that his federal sentence run concurrently with his prior state sentence. [Id. at 4, 8]. Respondent argues that the BOP correctly calculated petitioner's release date. [Doc.

3]. Petitioner replies that his state and federal sentences should run concurrently, pursuant to U.S.S.G. § 5G1.3, because they are based on the same conduct.[1] [Doc. 4].

## II. DISCUSSION

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). BOP Program Statement 5880.28 provides (1) that a prisoner's sentence commences when he is received into exclusive federal custody and (2) that time in federal custody where a prisoner is borrowed from a state pursuant to a writ of <u>ad prosequendum</u> is not considered exclusive federal custody. [Doc. 3-1 at 6-7, 60]. The Attorney General, through the BOP, is authorized to compute sentence credit awards after sentencing. <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992). A federal defendant is not entitled to credit for time served prior to the date of sentencing, where such time was already credited against another sentence. 18 U.S.C. § 3585(b).

---

[1] Because this argument was raised and rejected on direct appeal, <u>see</u> Hearing, Doc. 38, this Court will not reconsider it. <u>See</u> <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994) (stating that "prior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding").

4

The BOP correctly calculated petitioner's sentence as beginning on August 21, 2008, the date he was received in exclusive federal custody. See 18 U.S.C. § 3585(a); BOP Program Statement 5880.28. Petitioner does not dispute that he received credit against his state sentence for all the time he spent in custody from his August 16, 2004, arrest through the pronouncement of his federal sentence on August 15, 2006. Accordingly, this time cannot be applied toward petitioner's federal sentence. See 18 U.S.C. § 3585(b). Further, because petitioner was not yet in exclusive federal custody while borrowed from the state pursuant to a writ of ad prosequendum, the time he spent in temporary federal custody after his sentence was imposed until returned to the state on October 31, 2006, also does not apply to his federal sentence. See BOP Program Statement 5880.28.

As for the time petitioner spent in state custody after his federal sentence was imposed until his parole, the BOP has discretion, under 18 U.S.C. § 3621(b), to designate a state institution for service of a federal term of imprisonment. BOP Program Statement 5160.05, Designation of State Institution for Services of Federal Sentence, provides that the BOP may designate a state institution for concurrent service of a federal sentence when it is consistent with the federal sentencing court's intent. [Doc. 3-1 at 86, 89]. Such intent is made known when: (1) the sentencing

5

AO 72A
(Rev.8/82)

court's judgment orders the federal sentence to run concurrently with the state sentence; (2) the judgment recommends a non-federal institution as the place of confinement; (3) the sentencing court orders concurrent service of the federal sentence at some time after its imposition; (4) the inmate requests pre-sentence credit toward his federal sentence for the time spent serving a state sentence, and the sentencing court indicates, in response to a letter from the BOP, that it has no objections to the inmate's request; or (5) a state requests that the state and federal sentences be served concurrently, and, as with an inmate request, the sentencing court responds that it has no objections. [Id. at 89-92].

Nothing in the federal sentencing court's judgment indicates that petitioner's sentence should run concurrent to any state sentence or that he should be confined in a state institution. Hearing, Doc. 20. The federal sentencing court also has not subsequently ordered concurrent service of the federal sentence. See generally Hearing. At petitioner's request, the BOP reviewed his case for possible nunc pro tunc designation of Georgia prisons for service of his federal sentence and concluded that he was not eligible for a nunc pro tunc designation. [Doc. 3-1 at 8, 100]. Petitioner has not shown that the BOP abused its discretion in denying his request for a nunc pro tunc designation.

6

Petitioner argues that he is entitled to prior custody credit under Willis v. United States, 438 F.2d 923 (5th Cir. 1974). [Doc. 1 at 8]. BOP Program Statement 5880.28 provides that "Willis time credits" may only be awarded if the federal and non-federal sentences have been ordered to run concurrently. [Doc. 3-1 at 9, 109]. Thus, petitioner does not qualify for Willis credits because his federal sentence is consecutive to his state sentence. [Id.]. Petitioner also asserts that he is entitled to sentence credit under Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993). [Doc. 1 at 8]. Again, BOP Program Statement 5880.28 provides that these credits only apply when, among other conditions, the federal and non-federal sentence are concurrent. [Doc. 3-1 at 10, 113-14]. Since petitioner's federal sentence was not concurrent with his state sentence, petitioner also does not qualify for Kayfez credits. [Id.]. Accordingly, the undersigned finds that the BOP has correctly calculated petitioner's release date in accordance with the relevant federal statutes and BOP Program Statements, and petitioner fails to state a claim for § 2241 relief.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the instant petition be **DENIED**. Because a federal prisoner does not require a certificate of appealability ("COA") to appeal the denial of a § 2241 petition, see Sawyer v. Holder, 326 F.3d

7

1363, 1364 n.3 (11th Cir. 2003), the undersigned offers no COA recommendation in this matter under Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 8th day of November, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)