# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**EARNEST OLIVER HEARING, JR.,**

BOP No. 45890-019,

        Petitioner,

v.

**J. A. KELLER, Warden,**

        Respondent.

1:11-cv-2659-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [5], which recommends the dismissal of Earnest Oliver Hearing's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 ("Petition") [1]. Petitioner has filed an objection to the R&R.

**I.  BACKGROUND**[1]

On July 30, 2004, Petitioner was arrested in Clayton County, State of Georgia, and charged with possession of marijuana and possession of a firearm by a felon. After being released on bond, Petitioner was arrested again on August 16,

---

[1] The parties have not objected to the facts set out in the R&R, and finding no plain error, the Court adopts them.

2004, and charged by state authorities with possession of methamphetamine with intent to distribute, theft by receiving stolen property, and possession of a firearm during the commission of a felony.

On February 7, 2005, Petitioner was sentenced to a twelve-year term of imprisonment after pleading guilty in the Superior Court of Henry County to possession of methamphetamine with intent to distribute and possession of a firearm during the commission of a felony.

On April 13, 2005, Petitioner was sentenced to a three-year term of imprisonment after pleading guilty in the Superior Court of Clayton County to possession of marijuana and possession of a firearm by a felon.

On December 13, 2005, Petitioner was indicted by a federal grand jury in the Northern District of Georgia for offenses that were committed between on or about July 30, and August 16, 2004.

On February 2, 2006, Petitioner was taken into federal custody by the United States Marshals Service ("USMS") pursuant to a federal writ of *ad prosequendum*.

On May 9, 2006, Petitioner pled guilty in the United States District Court for the Northern District of Georgia to possession of marijuana with intent to distribute and possession of an unregistered silencer. On August 15, 2006, Petitioner was sentenced to a 180-month term of imprisonment. The sentencing court did not

order concurrent service of the federal sentence with the state sentence and made no recommendation to the Bureau of Prisons ("BOP") concerning the place of confinement.

On October 31, 2006, the USMS returned Petitioner to the custody of the State of Georgia and a federal detainer was lodged against him.

On November 8, 2007, the Eleventh Circuit Court of Appeals denied Petitioner's direct appeal. United States v. Hearing, 253 F. App'x 874 (11th Cir. 2007). On appeal, Petitioner argued that the sentencing court erred by failing to order that his federal sentence be served concurrently with his state sentence. Id. at 875. The Eleventh Circuit affirmed his sentence and held that, even though the sentencing court erred in failing to *sua sponte* consider § 5G1.3 of the United States Sentencing Guidelines, Petitioner "failed to carry his burden of proving that there is a reasonable probability of a different result" had the error not occurred. See id. at 876-77.

On August 21, 2008, Petitioner was paroled by the State of Georgia and again taken into federal custody by the USMS. The BOP calculated Petitioner's federal sentence as beginning on that date with no credit for prior custody.

On February 12, 2009, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Ex. 1 to Resp't's Answer and Resp. in Opp'n to

3

Pet. for Habeas Corpus at 77). On June 25, 2009, Petitioner's § 2255 motion was denied. (Id. at 84).

On November 8, 2011, the Magistrate Judge issued his Final R&R in this case and recommended that the § 2241 petition be dismissed. The Magistrate Judge concluded that the BOP correctly calculated petitioner's release date in accordance with relevant federal statutes and BOP Program Statements, and that petitioner failed to state a claim for § 2241 relief. (R&R at 7). The Magistrate Judge did not address whether the Court had the authority to address the merits of the § 2241 petition.

On November 18, 2011, Petitioner filed his objections to the Final R&R and generally asserts that the Magistrate Judge erred by concluding that he was not entitled to have the time spent in state custody credited to his federal sentence. Petitioner also claims that the Magistrate Judge's conclusion that the BOP calculation is correct creates a miscarriage of justice affecting his substantive due process rights under the 5th and 14th Amendments of the United States Constitution.

On December 9, 2011, Respondent filed his response to Petitioner's objections. Respondent claims that the Magistrate Judge did not err in the R&R and Petitioner is not entitled to any relief on the merits of his claim. Respondent

also claims that Petitioner has not met his burden to seek habeas relief through a § 2241 petition using § 2255(e)'s savings clause.

## II. DISCUSSION

### A. Standard of Review on Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B. The Savings Clause of 28 U.S.C. § 2255

Federal prisoners seeking to "to vacate, set aside or correct" their sentence must do so by filing a motion with the court that imposed the sentence. 28 U.S.C. § 2255(a). They ordinarily must do so within one year of the date on which their conviction becomes final. Id. § 2255(f). They are prohibited from filing second or successive motions except in rare circumstances. Id. § 2255(h). Because Petitioner's previous § 2255 motion was denied by "the court which imposed [his] sentence," Petitioner may not file a second or successive motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. See 28 U.S.C. § 2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").

Because Petitioner is barred from filing this motion under § 2255, he filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241. But § 2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition. Under § 2255(e), a federal habeas petition "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief." An exception to

§ 2255(e), known as the "savings clause," permits § 2241 petitions where it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

In order to bring a § 2241 petition, a petitioner must show that an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Petitioner has the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of a motion brought under § 2255. Gaines v. Warden, FCC Coleman-USP-1, 380 F. App'x 812, 814 (11th Cir. 2010) (citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).

To show that a motion brought under § 2255 would be inadequate or ineffective and that a § 2241 petition may be brought using the savings clause, the Eleventh Circuit has held:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. All three Wofford requirements must be met to utilize the savings clause to seek habeas relief. Id.; see also Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

7

Under these requirements, the only sentencing claims in the Eleventh Circuit "that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Wofford, 177 F.3d at 1245; see Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) ("the savings clause does not authorize a federal prisoner to bring, in a § 2241 petition, a claim, which would otherwise be barred by § 2255(h), that the Sentencing Guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum"); Edwards v. Warden, FCC Coleman-Medium, 432 F. App'x 897, 899 (11th Cir. 2011) ("There is no precedent in this circuit for applying the savings clause to sentence claims.").

Under the circumstances of the instant case, Petitioner is barred from bringing his petition under § 2241 and it must be dismissed because: (1) assuming circuit law foreclosed his present claims at trial or at the time of his first § 2255 petition, Petitioner has not shown that his claims are based on a retroactively applicable Supreme Court decision or that he "was convicted for a nonexistent offense;" and (2) the fundamental miscarriage of justice exception is not available to him.

C. <u>Analysis</u>

*1. Petitioner cannot establish the <u>Wofford</u> requirements*

Assuming the law of the Eleventh Circuit "squarely foreclosed such [his claims] at the time [they] otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion," Petitioner has failed to demonstrate that his claims are based on a retroactively applicable Supreme Court decision or that he was convicted for a nonexistent offense. <u>Wofford</u>, 177 F.3d at 1244.

In Petitioner's § 2241 petition and objections to the Final R&R, he does not discuss or cite to any retroactively applicable Supreme Court decision in support of his claims. The Court finds that Petitioner has failed to establish the <u>Wofford</u> requirement that his claims be "based upon a retroactively applicable Supreme Court decision." <u>Id.</u>

"To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." <u>Darby</u>, 405 F.3d at 945 (citing <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1366 (11th Cir. 2003)). Petitioner was imprisoned for the federal drug and firearm offenses of which he was convicted, and there has been no intervening change in the law that made any of those offenses nonexistent. The Court finds that Petitioner has also failed to establish that he "was convicted for a nonexistent offense." <u>Wofford</u>, 177 F.3d at 1244.

9

The Court finds that his § 2241 petition must be dismissed because Petitioner has failed to carry his burden to establish the three <u>Wofford</u> requirements and has failed to show that a motion brought under § 2255 would be inadequate or ineffective.  <u>Id.</u>

### 2. *Fundamental miscarriage of justice exception*

Even though Petitioner cannot satisfy the <u>Wofford</u> requirements, Petitioner argues that the conclusion of the Magistrate Judge that the BOP calculation is correct creates a miscarriage of justice affecting his substantive due process rights under the 5th and 14th Amendments of the United States Constitution.  In light of Petitioner's *pro se* status and his constitutional claim, the Court will liberally construe his argument as seeking habeas relief under the fundamental miscarriage of justice exception to the bar on successive habeas claims.  <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986) ("where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of showing of cause for the procedural default").

"The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* [a] constitutional claim with a colorable showing of factual innocence."  <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993).  In the Eleventh Circuit, the miscarriage of justice exception does not apply to sentencing

miscalculation claims and requires a claim of factual innocence to be invoked. See Herrera, 506 U.S. at 404; Gilbert, 640 F.3d at 1322-23. The Eleventh Circuit has further held that the exception is narrow and only applies to the extraordinary case. See McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011); see also Davis, 222 F. App'x at 927 (citing Wofford, 177 F.3d at 1244 n.3) (failure to establish applicability of savings clause can preclude consideration of whether petitioner is actually innocent).

Because Petitioner does not argue that he is innocent of any crime for which he is serving his sentence and only makes a legal argument that the manner in which the BOP calculated his sentence is incorrect, the Court finds that the miscarriage of justice exception for actual innocence is unavailable to him and his § 2241 petition is required to be dismissed on this additional ground. See McKay, 657 F.3d at 1199; Gilbert, 640 F.3d at 1322-23.

In sum, Petitioner cannot demonstrate that relief under § 2255 would be inadequate or ineffective so as to warrant consideration of his § 2241 petition under the savings clause because Petitioner fails to satisfy the Wofford requirements to bring a § 2241 petition using the savings clause and the fundamental miscarriage of justice exception does not apply to his case.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final R&R [5] is **ADOPTED AS MODIFIED**. Petitioner's objections to the Final R&R are **OVERRULED** and his Petition [1] is **DISMISSED**.

**SO ORDERED** this 22nd day of December, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE